**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

United States of America,           )
                                    )
        Plaintiff,           )      Criminal No.: 4:01-694-CWH
                                    )
vs.                                 )
                                    )
Carol V. Craig,                     )      **ORDER**
                                    )
        Defendant.          )
_____)

      On June 29, 2007, Carol V. Craig (" petitioner") commenced this *pro se* action to vacate, set aside, or correct her guilty plea and sentence, pursuant to 28 U.S.C. § 2255. On July 3, 2007, the Court orally extended the time the petitioner had to file supplemental material to her § 2255 motion by 30 days.

      The petitioner was indicted for a single count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine. On January 22, 2002, the petitioner pled guilty to this indictment pursuant to a written agreement with the government. On July 1, 2002, the Court sentenced the petitioner to 210 months imprisonment followed by five years supervised release. The petitioner did not appeal her sentence.

      In her § 2255 motion, the petitioner alleges that she signed the plea agreement only because she was told that she would receive a sentence reduction due to her substantial assistance. At her sentencing on July 1, 2002, the petitioner did not make a motion for downward departure.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 was amended to provide for a statute of limitations period:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The petitioner's conviction became final in 2002. The petitioner filed this action on June 29, 2007, almost five years after the petitioner's judgment became final.

This action is subject to dismissal pursuant to the one year limitation period provided for in 28 U.S.C. §2255. The petitioner fails to show that her action is not barred by the limitation period in § 2255. The petition, therefore, is dismissed as untimely, and all pending motions are moot.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 2, 2007
Charleston, South Carolina